OPINION
Plaintiff-appellant the State of Ohio appeals the January 5, 2000, Judgment Entry of the Delaware County Court of Common Pleas granting defendant-appellee Daryl Richardson's Motion to Suppress.
 STATEMENT OF THE FACTS AND CASE
On November 5, 1999, the Delaware County Grand Jury indicted appellee on one count of driving while under the influence of alcohol or drugs in violation of R.C. 4511.19(A)(1), a felony of the fourth degree. At his arraignment on November 10, 1999, appellee entered a plea of not guilty to the charge contained in the indictment. Two weeks later, appellee filed a Motion to Suppress. The following evidence was adduced at the suppression hearing held on January 3, 2000. Officer Scott Whitlatch, who is employed by the Ohio Highway Patrol, was on duty on October 7, 1999. As part of his duties, Officer Whitlatch was traveling in uniform in a marked cruiser looking for motorists driving under the influence of alcohol. At approximately 10:00 p.m., Officer Whitlatch observed two vehicles traveling west on Lazelle Road. While a Cadillac was directly in front of Officer Whitlatch's cruiser, appellee's vehicle was in front of the Cadillac. Both vehicles subsequently turned onto Old State Road, a two lane highway. In order to observe both vehicles, Officer Whitlatch straddled the center line of the two lane highway. At the suppression hearing, Officer Whitlatch testified that both vehicles failed to drive within the marked lanes. After observing appellee's vehicle drive on top of the centerline two times, Officer Whitlatch passed the Cadillac so that his cruiser was directly behind appellee's vehicle. He then saw appellee's vehicle drive on top of the centerline two more times, for a total of four times within the distance of a half mile. According to Officer Whitlatch, "[t]he defendant's vehicle traveled on top of the center line [sic] four different times, approximately a tire width. And once the tire, it would travel over the center line [sic], and then the defendant would steer it back to the northbound lane." Transcript of Proceedings at 8. When asked whether appellee's vehicle stayed over the centerline a long time, Officer Whitlatch testified as follows: "[n]o, very short. Just enough to where the tire would hit the line. And then he wouldn't jerk it back over, he would steer it back over the northbound lane." Transcript at 15. At no point did appellee's vehicle cross over the centerline. Officer Whitlatch subsequently activated his pursuit lights and pulled appellee's vehicle over. After appellee failed field sobriety tests, Officer Whitlatch arrested appellee for driving under the influence of alcohol in violation of R.C.4511.191, driving under suspension in violation of R.C. 4511.192, and a marked lanes violation in violation of 4511.33. At the conclusion of the suppression hearing, the trial court took the matter under advisement. On January 4, 2000, appellant filed a response to appellee's Motion to Suppress. Pursuant to a Judgment Entry filed the next day, the trial court granted appellee's motion, finding that Officer Whitlatch lacked a reasonable and articulable suspicion that appellee had violated the law and that, therefore, the Officer Whitlatch's stop of appellee's vehicle was unlawful. It is from the trial court's January 5, 2000, Judgment Entry that appellant prosecutes its appeal, raising the following assignment of error:
 THE SUPPRESSION OF EVIDENCE WAS NOT APPROPRIATE; THE OFFICER'S OBSERVATIONS WERE SUFFICIENT TO CONSTITUTE PROBABLE CAUSE TO JUSTIFY THE TRAFFIC STOP OF DEFENDANT-APPELLEE.
There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See State v. Fanning (1982) 1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 486, State v. Guysinger (1993)86 Ohio App.3d 592 . Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See State v. Williams (1993), 86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v Curry (1994),95 Ohio App.3d 93, 96, State v. Claytor (1993),85 Ohio App.3d 623, 627, and State v. Guysinger (1993),86 Ohio App.3d 592 . As the United States Supreme Court held in Ornelas v. U.S. (1996), 116 S.Ct. 1657, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal." I Appellant, in its sole assignment of error, challenges the trial court's decision granting appellee's Motion to Suppress. Appellant specifically contends that Officer Whitlatch's investigatory stop of appellee's vehicle was justified since Officer Whitlatch had a reasonable and articulable suspicion that appellee had committed marked lanes violations in violation of R.C. 4511.33. We, however, do not concur. In order to conduct an investigatory stop of a motor vehicle, a police officer must have an articulable and reasonable suspicion that an individual is involved in criminal activity. Delaware v. Prouse (1979), 440 U.S. 648. See also Terry v. Ohio (1968), 392 U.S. 1. The propriety of an investigatory stop must be considered by reviewing the totality of the circumstances. State v. Bobo (1988),37 Ohio St.3d 177. Appellee in the case sub judice was cited for violating R.C. 4511.33. It is appellee's alleged violation of such section that was Officer Whitlatch's justification for stopping appellee's vehicle. R.C. 4511.33
requires a motor vehicle to be driven within a single lane. At the January 3, 2000, suppression hearing, Officer Whitlatch testified that appellee's vehicle "traveled over top of the center line [sic] about a tire width four different times" and that, each time, appellee steered his vehicle back into the northbound lane. Transcript of Proceedings at 15. Officer Whitlatch further testified that appellee's vehicle never crossed over the centerline of the highway and that appellee never actually went left of center. Based on the foregoing, we agree with the trial court that Officer Whitlatch never observed any violation of R.C. 4511.33 since "R.C. 4511.33, the marked-lanes statute, requires a vehicle to be driven within a single lane. This vehicle was operated within a single lane and further did not go left of the centerline. The defendant "exactly drove on top of the center line [sic]." See trial court's January 5, 2000 Judgment Entry at 5. Accordingly, since appellee did not violate R.C. 4511.33, which Officer Whitlatch cited as the justification for his stop of appellee's vehicle, Officer Whitlatch lacked an articulable and reasonable suspicion that appellee was operating his motor vehicle in violation of the law. The trial court, therefore, did not err in granting appellee's Motion to Suppress. Appellant's sole assignment of error is overruled.
The judgment of the Delaware County Court of Common Pleas is affirmed.
 _____________________ Reader, J.
By Gwin, P.J. and Hoffman, J. concurs.